J-S01023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD LEONARD WILLIAMS | : | |
| | : | |
| Appellant | : | No. 637 WDA 2022 |

Appeal from the Judgment of Sentence Entered May 3, 2022,
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s):  CP-26-CR-0001064-2021.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM PER CURIAM:                    **FILED: MARCH 13, 2023**

Richard Leonard Williams appeals from the judgment of sentence entered in the above case.  We remand for a supplemental opinion by the trial court.  Williams was tried in this case and in Case 1991-2021 (595 WDA 2022).  He filed separate notices of appeal and concise statements of error.  The trial court entered one opinion at both dockets, addressing only Williams' issues in Case 1991-2021.[1]  As the trial court did not address Williams' issues in Case 1064-2021, the proper remedy is to remand for an opinion to address them.  ***Dresner v. Povlow***, 406 A.2d 350, 350 (Pa. Super. 1979) (per curiam).

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court granted an extension of time to file the concise statements. After Williams filed his concise statement in Case 1991-2021, the trial court entered its opinion at both docket numbers.  Three days later—before the extended due date—Williams' concise statement in Case 1064-2021 arrived at the Clerk of Courts.

Accordingly, we remand for the preparation of an opinion pursuant to Pa.R.A.P. 1925(a) that addresses the issues Williams raises in Case 1064-2021.[2]  The trial court is directed to forward the opinion to this Court within 60 days of our remand.

Case remanded.  Panel jurisdiction retained.

_____

[2] While Williams' concise statement raised more issues, the trial court need only address the issues that Williams argued in his brief that the trial court has not already addressed:

1. Whether the Commonwealth's evidence in this case is insufficient by failing to prove the appellant was not acting in self defense in regards to aggravated assault (Count 2) beyond a reasonable doubt?

2. Whether self defense was justified and the verdict was against the weight of the evidence?

3. Whether the Commonwealth furnished evidence to justify the assault upon the appellant?

4. Whether the trial court erred by not permitting inquiry into victims crimen falsi conviction?  [Issue 9 from Williams' 1925(b) statement in Case 1064-2021.]

5. [Already addressed.  Trial Court Opinion, 7/11/22, at 7–8.]

6. [Already addressed.  Trial Court Opinion, 7/11/22, at 7–8.]

7. Whether the trial court erred in its instructions by withholding explanation between malice and self defense?

Williams' Brief, No. 637 WDA 2022, at 7.